**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| MARY DALTON and EMIL ADOLPHSON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> OLD SECOND BANCORP, INC., OLD SECOND NATIONAL BANK, EMPLOYEE BENEFITS COMMITTEE OF OLD SECOND BANCORP, INC., J. DOUGLAS CHEATHAM, JAMES ECCHER, WILLIAM B. SKOGLUND, ROBERT DICOSOLA, JEFF WEST, STEWART BEACH and DOES 1-10. <br><br> Defendants. | ) <br> ) <br> ) **CASE NO. 1:11-cv-01112** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Edward W. Ciolko
Peter A. Muhic
Mark K. Gyandoh
Julie Siebert-Johnson
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Plaintiffs and the
Proposed Class*

**THE COLLINS LAW FIRM, P.C.**
Shawn M. Collins
Robert J. Dawidiuk
Megan A. Drefchinski
1770 North Park Street
Suite 200
Naperville, Illinois 60563
Phone: (630) 527-1595
Facsimile: (630) 527-1193

*Liaison Counsel for Plaintiffs and the
Proposed Class*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

STATEMENT OF FACTS ...........................................................................................................3

ARGUMENT .................................................................................................................................4

    A.    The Court's Assessment of the Merits of the Action is Limited When
        Resolving a Class Certification Motion................................................................4

    B.    Plaintiffs' Breach of Fiduciary Duty Claims Under ERISA are Uniquely
        Appropriate for Class Treatment .........................................................................5

    C.    The Proposed Class Satisfies the Requirements of Federal Rule of Civil
        Procedure 23(a) ....................................................................................................6

        1.    Plaintiffs Satisfy the "Numerosity" Requirement of Rule 23(a)(1)..........6

        2.    Plaintiffs Satisfy the "Commonality" Requirements of Rule
            23(a)(2) .....................................................................................................7

        3.    Plaintiffs Satisfy the "Typicality" Requirements of Rule 23(a)(3),
            Because Plaintiffs' Claims Are Typical of Those of the Class.................9

        4.    The Representative Parties Will Fairly and Adequately Protect the
            Interests of the Class as Required by Rule 23(A)(4) .............................10

    D.    The Class May be Properly Certified under Rule 23(b)(1) and/or (b)(2)...........12

        1.    Certification under Rule 23(b)(1) is Proper...........................................12

            a.    The Class Should Be Certified Under Rule 23(b)(1)(B) ............13

            b.    Certification is Also Appropriate Under Subsection
                23(b)(1)(A)..................................................................................13

        2.    The Proposed Class Meets the Requirements of Rule 23(b)(2).............14

    E.    Plaintiffs' Chosen Counsel Will Adequately Represent the Class ....................15

CONCLUSION.............................................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Brieger v. Tellabs, Inc.*,
  245 F.R.D. 345 (N.D. Ill. 2007) ...............................................................................6, 9, 10, 11

*Buycks-Roberson v. Citibank Fed. Sav. Bank*,
  162 F.R.D. 322 (N.D. Ill. 1995) ...............................................................................................14

*Califano v. Yamasaki*,
  442 U.S. 682 (1979) ...................................................................................................................5

*Carnegie v. Household Int'l Inc.*,
  376 F.3d 656 (7th Cir. 2004) .....................................................................................................6

*DiFelice v. U.S. Airways, Inc.*,
  497 F.3d 410 (4th Cir. 2007) .....................................................................................................5

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
  No. MDL 1446, 2006 WL 1662596 (S.D. Tex. June 7, 2006) ................................................14

*George v. Kraft Foods Global*,
  270 F.R.D. 355 (N.D. Ill. 2010)........................................................................................ passim

*Johnson v. Rohr-Ville Motors, Inc.*,
  189 F.R.D. 363 (N.D. Ill. 1999).............................................................................................4, 6

*Joncek v. Local 714 Int'l of Teamsters Health and Welfare Fund*,
  No. 98-CV-4302, 1999 WL 755051 (N.D. Ill. Sept. 3, 1999) ..................................................9

*Jones v. Novastar Fin., Inc.*,
  257 F.R.D. 181 (W.D. Mo. 2009) ............................................................................................11

*Lively v. Dynegy*,
  No. 05-CV-00063, 2007 WL 685861 (S.D. Ill. Mar. 2, 2007) ...........................................1, 11

*Lucas v. GC Serv. L.P.*,
  226 F.R.D. 337 (N.D. Ind. 2005) .............................................................................................11

*Mass. Mut. Life Ins. Co. v. Russell*,
  473 U.S. 134 (1985) ...................................................................................................................6

*Moore v. Comcast Corp.*,
  268 F.R.D. 530 (E.D. Pa. 2010)................................................................................................8

*Randolph v. Crown Asset Mgmt., LLC*,
254 F.R.D. 513 (N.D. Ill. 2008)......................................................................................8

*Rankin v. Rots*,
220 F.R.D. 511 (E.D. Mich. 2004) ...............................................................................13

*Retired Chicago Police Ass'n. v. City of Chicago*,
7 F.3d 584 (7th Cir. 1993) ...................................................................................5, 6, 9, 11

*Rogers v. Baxter Int'l Inc.*,
No. 04-CV-6476, 2006 WL 794734 (N.D. Ill. Mar. 22, 2006)..............................8, 10, 12, 13

*Rosario v. Livaditis*,
963 F.2d 1013 (7th Cir. 1992) .......................................................................................9

*Schleicher v. Wendt*,
618 F.3d 679 (7th Cir 2010) ..........................................................................................4

*Smith v. Aon Corp.*,
238 F.R.D. 609 (N.D. Ill. 2006), *appeal denied*, No. 04-CV-6875, 2007 U.S. Dist.
LEXIS 10594 (N.D. Ill. Feb. 8, 2007) ................................................................... passim

*Stanford v. Foamex L.P.*,
263 F.R.D. 156 (E.D. Pa. 2009)....................................................................................10

*Von Moore v. Simpson*,
No. 96-CV-2971, 1997 WL 570769 (N.D. Ill. Sept. 10, 1997) .......................................5

*Wal-Mart Stores, Inc. v. Dukes*,
131 S.Ct. 2541 (2011)....................................................................................................5

**FEDERAL STATUTES**

29 U.S.C. § 1001, *et seq.* ...............................................................................................1

§ 3(21)(A), 29 U.S.C. § 1002(21)(A) .............................................................................3

§ 404(a), 29 U.S.C. § 1104(a)........................................................................................5

§§ 409, 502(a)(2), 29 U.S.C. §§ 1109, 1132 (a)(2)........................................................2

§ 409(a), 29 U.S.C. § 1109(a).......................................................................................14

§§ 409(a), 502(a)(2), 29 U.S.C. §§ 1109, 1132(a)(2) ...................................................9

§§ 502(a)(2)-(3), 29 U.S.C. §§ 1132(a)(2)-(3)....................................................... passim

**OTHER STATUTES**

Employee Retirement Income Security Act of 1974 ("ERISA") ......................................... passim

**RULES**

FED. R. CIV. P. 23 ............................................................................................................... passim

FED. R. CIV. P. 30 ...............................................................................................................7, 15

## INTRODUCTION

Plaintiffs Mary Dalton and Emil Adolphson (collectively, "Plaintiffs"), participants in the Old Second Bancorp, Inc.Employees 401(k) Savings Plan and Trust (the "Plan") during the proposed Class Period who allege Plan-wide claims under the Employee Retirement Income Security Act of 1974 ("ERISA"),[1] respectfully move this Court to certify the following class under FED. R. CIV. P. 23(a) and (b)(1) and/or (b)(2):

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between April 25, 2008 and the present (the "Class Period") and whose Plan accounts included investments in Old Second common stock.[2]

Plaintiffs further respectfully move this Court to appoint them as representatives for the Class, and to appoint their counsel as counsel for the certified Class.

Plaintiffs' Amended Class Action Complaint ("Complaint" or "Compl.")[3] alleges that Defendants – fiduciaries of the Plan – violated their fiduciary duties to the Plan, Plaintiffs, and all participants in and beneficiaries of the Plan during the Class Period. Plaintiffs allege that Defendants permitted the Plan to maintain its preexisting heavy investment in Company[4] stock as well as continue to offer Company stock as an investment option in the Plan during the Class Period when they knew or should have known that Company stock was not a prudent investment for retirement savings due to, *inter alia*: (1) the Company was overexposed to substantial losses

---

[1]  29 U.S.C. § 1001, *et seq.*, as amended.

[2]  "Merits" discovery has yet to begin. As such, Plaintiffs reserve their rights to seek modification of the Class Period definition if further discovery reveals a more appropriate "time period" when Old Second stock remained an imprudent investment option for the Plan. *See, e.g.*, *Lively v. Dynegy*, No. 05-CV-00063, 2007 WL 685861, at *6 (S.D. Ill. Mar. 2, 2007) ("the proper termination date of the proposed class period is the date when Dynegy stock ceased to be, as [p]laintiffs allege, an imprudent investment for the [p]lan").

[3]  Plaintiffs incorporate by reference the factual and legal allegations presented in the Complaint, including Plaintiffs' description of the administration of the plan and investment of Plan assets. Any capitalized, non-defined terms used herein shall have the same meanings ascribed to them in the Complaint.

[4]  The terms "Company" and "Old Second" are used herein to refer to Old Second Bancorp, Inc. and Old Second National Bank collectively.

from residential construction and development loans; (2) the Company was facing an increasing and excessive amount of nonperforming loans; (3) the Company would be required to continuously raise the amount of its loan loss reserves due to nonperforming loans; (4) the Company was undercapitalized; and (5) two months prior to the beginning of the Class Period, the Company substantially increased the amount of nonperforming loans in its portfolio, with its acquisition of HeritageBanc, Inc., while the Plan simultaneously doubling its holdings of Company stock.

Plaintiffs seek relief on behalf of the Plan for losses caused by Defendants' fiduciary misconduct in managing and administering the Plan. Indeed, the representative nature of Plaintiffs' claims pursuant to ERISA §§ 409, 502(a)(2), 29 U.S.C. §§ 1109, 1132 (a)(2) is the recurring them that is the bedrock for Plaintiffs' motion for class certification, and renders this action particularly appropriate for certification. Numerous recent decisions, including from within this Circuit, reinforce the appropriateness of certifying classes alleging ERISA §§ 409, 502(a)(2) breaches of fiduciary duty, which are brought, by definition and in practice, on behalf of retirement plans and all of the affected plan participants. *See, e.g.*, *George v. Kraft Foods Global*, 270 F.R.D. 355, 369 (N.D. Ill. 2010) ("*Kraft*") ("Courts have held that, in light of the derivative nature of Section 1132(a)(2) claims, breach of fiduciary duty claims brought under this statutory provision are 'paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class.'") (citing *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009)). As demonstrated below, Plaintiffs clearly satisfy all of the requirements for class certification under Rules 23(a)(1)-(4), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure.

Plaintiffs allege class-wide claims which are virtually identical to claims made in

2

numerous other 401(k) plan company stock cases brought in this Circuit and throughout the country in which classes have been certified. *See* Exhibit A to the Declaration of Julie Siebert-Johnson Filed in Support of Plaintiffs' Motion for Class Certification (the "Siebert-Johnson Decl.") (listing 54 decisions from around the country which certified a class in directly analogous matters). The same result is warranted here.

## STATEMENT OF FACTS

Plaintiffs filed this action pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) on behalf of the Plan, and its participants and beneficiaries. As outlined in Plaintiffs' Complaint and Opposition to Defendants' Motion to Dismiss, Defendants[5] were fiduciaries of the Plan during the Class Period pursuant to ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and as such, were responsible for loyally and prudently administering the Plan and managing its assets.

Pursuant to the operative Plan documents, during the Class Period, Defendant Old Second was the Sponsor of the Plan, served as the Trustee and was a named fiduciary. Compl. ¶¶ 73, 77. Old Second was also a fiduciary by virtue of its power to appoint and remove the Trustee and Administrator, and to review the performance of any other fiduciary. *Id.* at 73-74. Moreover, upon information and belief, the Board, acting on behalf of the Company, has the authority to appoint and remove members of the Committee and, accordingly, the concomitant duty to monitor the members of the Committee, to whom the Company delegated certain fiduciary responsibilities concerning the administration and management of the Plan. Accordingly, the Director Defendants were fiduciaries of the Plan. Finally, the Employee Benefits Committee of Old Second, through the individual Committee Defendants, were

---

[5] Defendants in this action include: Old Second Bancorp, Inc.; Old Second National Bank; the "Director Defendants," including J. Douglas Cheatham, James Eccher, and William B. Skoglund; the Employee Benefits Committee of Old Second Bancorp, Inc., Robert DiCosola, Jeff West, Stewart Beach, J. Douglas Cheatham, James Eccher, and William B. Skoglund (collectively referred to as the "Committee Defendants); and Does 1-10.

responsible for the day-to-day management and administration of the Plan, selecting the investment options offered under the Plan, and the disposition of its assets and determination of the amount, if any, of discretionary contributions in addition to the Company's basic match contribution to the Plan. Compl. ¶¶ 80-85. The operative Plan documents also identified the Committee as a named fiduciary of the Plan. *Id.* at 80. As such, the Committee Defendants were also fiduciaries of the Plan.

Defendants' actions and omissions constitute fiduciary breaches under ERISA which resulted in extensive losses to the Plan and its participants. As discussed below, Defendants knew or should have known that given the Company's non-disclosed business difficulties stemming from its ill-conceived focus upon expansion, its rapidly expanding portfolio of non-performing loans, and its substantial and continuing capitalization problems which triggered intensive intervention by the Office of the Comptroller of the Currency, Old Second stock was an imprudent investment option for the Plan during the Class Period. Accordingly, Defendants are liable for the Plan's losses resulting from these fiduciary breaches.

## **ARGUMENT**

A. **The Court's Assessment of the Merits of the Action is Limited When Resolving a Class Certification Motion.**

In considering a motion for class certification, the Court must determine whether the requirements of FED. R. CIV. P. 23 are met while deferring an evaluation of the merits of the plaintiff's case. *See, e.g.*, *Schleicher v. Wendt*, 618 F.3d 679, 685-686 (7th Cir 2010) (finding it unnecessary, and indeed improper, to endeavor into the merits of a case at the class certification stage); *Johnson v. Rohr-Ville Motors, Inc.*, 189 F.R.D. 363, 367 (N.D. Ill. 1999) (citing *Koch v.*

*Standard*, 962 F.2d 605, 607) (7th Cir. 1992)).[6]  Further, in evaluating a motion for class certification, the court must accept as true the supporting allegations.  *Retired Chicago Police Ass'n. v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993).  Plaintiffs' "standard of proof… in support of certification is rather liberal…."  *Von Moore v. Simpson*, No. 96-CV-2971, 1997 WL 570769, at *2 (N.D. Ill. Sept. 10, 1997) (citations omitted).  Moreover, the Federal Rules of Civil Procedure give district courts "broad discretion to determine whether certification is appropriate in a particular case."  *Kraft*, 270 F.R.D. at 363 (citing *Retired Chi. Police Ass'n.*, 7 F.3d at 596)).

**B.    Plaintiffs' Breach of Fiduciary Duty Claims under ERISA are Uniquely Appropriate for Class Treatment**

Pursuant to ERISA § 404(a), 29 U.S.C. § 1104(a), fiduciaries shall discharge their duties to a retirement plan and its participants and beneficiaries with the "care, skill, prudence, and diligence under the circumstances then prevailing."  As part of this duty, fiduciaries must conduct an independent investigation into, and continually monitor, the merits of the investment alternatives of a plan, including employer securities, to ensure that each investment is a suitable and proper option for the plan.[7]  Here, Plaintiffs allege that Defendants' actions and omissions during the Class Period violated these ERISA-mandated fiduciary duties which resulted in extensive losses to the Plan and its participants.

A class action is "peculiarly appropriate" when a case raises legal issues "common to the class as a whole."  *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979).  Indeed, courts have recognized class actions are "an efficient and appropriate means of dealing with cases in which plan participants… bring action against plan fiduciaries pursuant to ERISA."  *Smith v. Aon*

---

[6]        The recent Supreme Court decision in *Wal-Mart* did not change this tenant.  *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) (noting only that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question").

[7]        *See DiFelice v. U.S. Airways, Inc.*, 497 F.3d 410, 423 (4th Cir. 2007) ("a fiduciary must initially determine, and continue to monitor, the prudence of each investment option available to plan participants.")

*Corp.*, 238 F.R.D. 609, 613 (N.D. Ill. 2006), *appeal denied*, No. 04-CV-6875, 2007 U.S. Dist. LEXIS 10594 (N.D. Ill. Feb. 8, 2007) ("*Aon*").  This is so because, under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), any participant or beneficiary of a plan may bring an action in a representative capacity on behalf of a plan.  *See Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985).  Since the only relief available under ERISA § 502(a)(2) is relief for the plan, a breach of fiduciary duty claim such as Plaintiffs' here is by definition a representative claim.  *See, e.g.*, *Aon*, 238 F.R.D. at 613 (class certified in ERISA action where plaintiffs "may only bring action… in a representative capacity on behalf of the plan itself.").

In this action, any recovery obtained by Plaintiffs will go to the Plan, to be held, allocated, and ultimately distributed in accordance with the requirements of the Plan and ERISA itself.  *See Brieger v. Tellabs, Inc.*, 245 F.R.D. 345, 3570 (N.D. Ill. 2007) (citing *In re Schering-Plough Corp. ERISA Litig.*, 420 F.3d 231, 235 (3d Cir. 2005)).  Accordingly, Plaintiffs' claims are tailor-made for class treatment and satisfy the prerequisites for class certification under FED. R. CIV. P. 23(a) and (b).

## C.    The Proposed Class Satisfies the Requirements of Federal Rule of Civil Procedure 23(a)

Plaintiffs seeking certification for a proposed class action must satisfy the requirements of Rule 23(a) (and at least one subsection of FED. R. CIV. P. 23(b)).  *See, e.g.*, *Johnson*, 189 F.R.D. at 367.  These criteria are commonly referred to as "numerosity," "commonality," "typicality," and "adequacy."  *Retired Chicago Police Ass'n*, 7 F.3d at 596.

### 1.    Plaintiffs Satisfy the "Numerosity" Requirement of Rule 23(a)(1).

To certify the purported Class, this Court must determine whether Plaintiffs' proposed "class is so numerous that joinder of all members is impracticable."  FED. R. CIV. P. 23(a)(1); *Carnegie v. Household Int'l Inc.*, 376 F.3d 656, 663-64 (7th Cir. 2004).  "While there is no

threshold or magic number at which joinder is impracticable, a class of more than 40 members is generally believed to be sufficiently numerous for Rule 23 purposes." *Kraft*, 270 F.R.D. at 365 (citing *Ringswald v. County of DuPage*, 196 F.R.D. 506, 512 (N.D. Ill. 2000)). Documents produced by Defendants clearly establish that numerosity is met. For example, the Plan's Summary Annual Report for the period of January 1, 2007 through December 31, 2007 indicates that there were 693 participants in or beneficiaries of the Plan at the end of the year. *See* OSB 0334, attached to the Siebert-Johnson Decl. as Exhibit B. The Plan's Summary Annual Report for the period of January 1, 2008 through December 31, 2008 indicates that there were 707 participants in or beneficiaries of the Plan at the end of 2008. *See* OSB 0335, attached to the Siebert-Johnson Decl. as Exhibit C. And the Plan's Summary Annual Report for the period of January 1, 2009 through December 31, 2009 indicates that there were 797 participants in or beneficiaries of the Plan at the end of the year 2009. OSB 0336, attached to the Siebert-Johnson Decl. as Exhibit D.[8]

### 2. Plaintiffs Satisfy the "Commonality" Requirements of Rule 23(a)(2).

In order to obtain class certification, Plaintiffs must also demonstrate that there are questions of law or fact common to the class. FED. R. CIV. P. 23(a)(2). Commonality is considered "a low hurdle, easily surmounted." *Aon*, 238 F.R.D. at 614 (citing *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992)). As one District Court recently noted in a factual analog to this action, "[c]lass certification cannot be defeated merely because there are some factual variations among class members' grievances." *Kraft*, at 366 (citing *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992)). Indeed, "there need only be a single

---

[8]     During the FED. R. CIV. P. 30(b)(6) deposition regarding the Plan conducted April 10, 2011, the Company's designee confirmed the authenticity of these documents, and indicated there was no reason to dispute these numbers. *See* Transcript of 30(b)(6) deposition of Old Second Bancorp, Inc., by Robert DiCosola at pages 155-158, 159-160, and 161-162, attached to the Siebert-Johnson Decl. as Exhibit E.

issue [of law or fact] common to all members of the class." *Rogers v. Baxter Int'l Inc.*, No. 04-CV-6476, 2006 WL 794734, at *2 (N.D. Ill. Mar. 22, 2006) (citing *Gomez v. Illinois State Bd. Of Edu.*, 117 F.R.D. 394, 399 (N.D. Ill. 1987)); *see also Kraft*, at 66; *Randolph v. Crown Asset Mgmt., LLC*, 254 F.R.D. 513, 517 (N.D. Ill. 2008).

Courts in this district have found commonality in analogous ERISA cases, where named plaintiffs and putative class members shared common questions of law and fact, including whether defendants breached their fiduciary duties under ERISA by failing to act prudently and solely in the interests of the Plan and its participants; whether they failed to provide complete and accurate information concerning the risks of investing in company stock; whether they adequately investigated and monitored Plan investment alternatives; and, whether Defendants' fiduciary breaches caused losses to the Plan and its participants, and if so, how much. *See, e.g.*, *Aon*, 238 F.R.D. at 617.

Here, Plaintiffs and the putative class share multiple questions of law *and* fact, including but not limited to: (1) whether the Defendants owed fiduciary duties to the Plan, Plaintiffs and members of the Class; (2) whether Defendants breached their fiduciary duties to the Plan, Plaintiffs and members of the Class by failing to act prudently and solely in the interests of the Plan and the Plan's participants and Beneficiaries; (3) whether Defendants violated ERISA; and (4) whether the Plan and members of the Class have sustained damages and, if so, what is the proper measure of damages. Compl. ¶ 59. Plaintiffs all allege the same legal theory – that Defendants breached their fiduciary duties under ERISA by failing to protect the Plan from losses. Accordingly, none of Plaintiffs' claims require adjudication of individualized issues. Under these circumstances, commonality is easily satisfied.[9]

---

[9]     *See, e.g.*, *Moore v. Comcast Corp.*, 268 F.R.D. 530, 535 (E.D. Pa. 2010) ("[Plaintiff] has established, as well, that a number of common issues pervade this case, including whether defendants

3. **Plaintiffs Satisfy the "Typicality" Requirements of Rule 23(a)(3), Because Plaintiffs' Claims Are Typical of Those of the Class.**

"Because commonality and typicality are closely related, a finding of one often results in a finding of the other." *Joncek v. Local 714 Int'l of Teamsters Health and Welfare Fund*, No. 98-CV-4302, 1999 WL 755051, at *4 (N.D. Ill. Sept. 3, 1999). Rule 23(a)(3)'s typicality requirement asks whether the representative plaintiffs and putative class members' claims arise from the same practice or course of conduct and whether their claims are based on the same legal theory. *Rosario*, 963 F.2d at 1018. "[C]lass members' claims . . . need not be identical" to satisfy Rule 23(b)(3). *Aon*, 238 F.R.D. at 615 (citing *Scholes*, 143 F.R.D. at 185). Factual distinctions between the named plaintiffs and putative class members' claims will not destroy typicality, as long as they have the same essential characteristics. *Retired Chicago Police Ass'n*, 7 F.3d at 597. "Typicality is based on the defendant's conduct and the plaintiff's legal theory, not particularized defenses the defendant may have against certain class members." *Kraft*, at 366 (citing *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996)). Indeed, "[c]ourts have cautioned [] that typical does not mean identical, and the typicality requirement is liberally construed." *Brieger*, 245 F.R.D. at 350 (citations omitted).

Typicality is often met in putative class actions brought for breaches of fiduciary duty under ERISA, given the representative nature of such claims. *See* ERISA §§ 409(a), 502(a)(2), 29 U.S.C. §§ 1109, 1132(a)(2). Indeed courts in this District have found typicality in analogous cases under ERISA. *See, e.g.*, *Aon*, 238 F.R.D. at 617 (court held "[*t]here is therefore no question as to whether the proposed Class Representatives' claims are typical of those of the Class Members*" where proposed representatives and putative class members' claims are based

---

were fiduciaries of the [p]lan and whether defendants breached their fiduciary duties by allowing the [p]lan to invest in the [c]ompany [s]tock [f]und. A plaintiff need show only one common issue to fulfill the commonality requirement.")

on theory that defendants breached fiduciary duty regarding investment in company stock during the class period) (emphasis added); *Brieger*, 245 F.R.D. at 350 ("The Court is persuaded that ***plaintiffs' claims are typical of those of the putative class, principally because they seek relief on behalf of the Plan under section 502(a)(2) of ERISA*** for alleged fiduciary violations as to the Plan.") (emphasis added).  *See also Kraft*, at 366 (finding plaintiffs' claims typical of those of the class because "[p]laintiffs, like other members of their putative class, seek relief on behalf of the Plan for alleged breaches of fiduciary duty."); *Rogers*, 2006 WL 794734, at *3 (same).

Plaintiffs' claims against Defendants are undeniably typical of those of the proposed Class.  Like the Plaintiffs, each proposed Class member was a participant in the Plan during the Class Period with part of his or her individual Plan investment portfolio invested in Company stock during that time.  Each Plaintiff, along with the other class members, sustained injury caused by Defendants' fiduciary breaches during the Class Period.  Therefore, the typicality requirement of Rule 23(a)(3) is clearly met.  *See, e.g.*, *Kraft*, at 367 ("Here, the relevant conduct-allegedly imprudent decisions involving the [f]unds-and the legal theory-breach of fiduciary duty under ERISA-are the same for Plaintiffs and other members of their proposed class.  Nothing more is required to satisfy Rule 23.") (citing *Brieger*, 245 F.R.D. at 350-55.))[10]

### 4. The Representative Parties Will Fairly And Adequately Protect The Interests Of The Class As Required By Rule 23(A)(4).

Under Rule 23(a)(4) the representative parties must fairly and adequately protect the interests of the class.  FED. R. CIV. P. 23(a)(4).  To fulfill the requirement, two factors must be satisfied:  (i) "the adequacy of the named plaintiff's counsel, and [(ii)] the adequacy of representation provided in protecting the different, separate, and distinct interest[s] of the class

---

[10]     *See Stanford v. Foamex L.P.*, 263 F.R.D. 156, 167 (E.D. Pa. 2009) (finding the "typicality" requirement of Rule 23 satisfied "because plaintiff challenges the same conduct that affects both the plaintiff and the absent class members.")

members." *Retired Chicago Police Ass'n*, 7 F.3d at 598 (citations omitted).  Together, these elements require that both counsel and the representatives be able to zealously represent and advocate on behalf of the class as a whole.  *Lucas v. GC Serv. L.P.*, 226 F.R.D. 337, 341 (N.D. Ind. 2005).  Plaintiffs clearly satisfy the adequacy requirement of Rule 23(a)(4), because (i) there are no conflicts of interest between the named Plaintiffs and the Class as a whole, and (ii) the attorneys prosecuting this case are exceptionally qualified to litigate this matter.

First, Plaintiffs' interests do not conflict with the interests of the absent Class Members. To the contrary, their interests are unified with those of the class.  Plaintiffs must prove the same wrongdoing by Defendants as the absent Class members to establish Defendants' liability. Plaintiffs, like the putative Class members, were Plan participants during the Class Period and Plaintiffs seek Plan-wide relief for the alleged identical breaches of fiduciary duty by Defendants.  *See, e.g.*, *Brieger*, 245 F.R.D. at 356 ("Plaintiffs here bring claims on behalf of the [p]lan, not for individual relief.  As in *Lively*, the Court finds that its role is to determine whether the defendants breached their fiduciary duties to the [p]lan.  Therefore… there is no inherent conflict between the claims of the named plaintiffs and those of the putative class.")[11]  Moreover, Plaintiffs Mary Dalton and Emil Adolphson are ready, willing, and able to fulfill the duties required of class representatives.

Second, Plaintiffs have retained qualified, experienced attorneys with broad-based, multi-jurisdictional experience in complex class action litigation, especially in the context of breach of fiduciary duty cases under ERISA.  As demonstrated in this litigation to date, the law firm Kessler Topaz Meltzer & Check, LLP will vigorously prosecute this action on behalf of the

---

[11]     *See also Jones v. Novastar Fin., Inc.*, 257 F.R.D. 181, 192 (W.D. Mo. 2009) ("There is no indication that [plaintiff's] interests are antagonistic to those of the class (citation omitted)…. Again, in an action seeking to recover on behalf of a plan, the focus is on the impact of the defendants' actions on that plan.  Indeed [plaintiff] has an incentive to maximize recovery to the [p]lan because she will be affected.")

Plaintiffs and the proposed Class as a whole in order to obtain the best possible recovery for the Plan.[12]  Likewise, Liaison Counsel, the Collins Law Firm, P.C. is an experienced law firm that will more than adequately serve the class.[13]  In short, the requirements of Rule 23(a)(4) are met.

**D.      The Class May be Properly Certified under Rule 23(b)(1) and/or (b)(2)**

In addition to the class certification prerequisites set forth in Rule 23(a), a proposed class must satisfy one of the three alternative requirements of Rule 23(b).  FED R. CIV. P. 23(b). Plaintiff need only satisfy one of the conditions of Rule 23(b) to obtain class certification.  The court, however, may certify the action under each section of Rule 23(b) that is satisfied.  *See, e.g.*, *Aon*, 238 F.R.D. at 618 (granting class certification under Rules 23(b)(1) and 23(b)(2)).

**1.      Certification under Rule 23(b)(1) is Proper**

Under Rule 23(b)(1), a class may be certified if:

(1)      the prosecution of separate actions by or against individual members of the class would create a risk of

(A)      inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B)      adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests[.]

FED. R. CIV. P. 23(b)(1).  "Rule 23(b)(1)(A) considers possible prejudice to the defendants, while 23(b)(1)(B) looks to possible prejudice to the putative class members."  *Rogers*, 2006 WL 794734, at *8 (citations omitted).  Claims brought on behalf of a plan are considered

---

[12]      At the inception of this case, the law firm conducted business under the name Barroway Topaz Kessler Meltzer & Check, LLP.  As indicated in its Notice of Firm Name Change filed with the Court on June 6, 2011, Dkt. No. 31, the firm's name is now Kessler Topaz Meltzer & Check LLP ("KTMC"). KTMC's firm resume is attached to the Siebert-Johnson Declaration as Exhibit F.

[13]      The firm resume of the Collins Law Firm, P.C. is attached to the Siebert-Johnson Declaration as Exhibit G.

"particularly well-suited for Rule 23(b)(1) certification by virtue of the substantive law of

ERISA." *Aon*, 238 F.R.D. at 615 (citations omitted).

### a.     The Class Should Be Certified Under Rule 23(b)(1)(B)

Many courts have relied on Rule 23(b)(1)(B) in certifying a class in similar cases,

because it is particularly suited for cases alleging breach of defendants' fiduciary obligations to

plaintiffs.  As stated in the Advisory Committee Notes accompanying the 1966 amendments to

Rule 23:

> This [(b)(1)(B)] clause takes in situations where the judgment in a nonclass action
> by or against an individual member of the class, while not technically concluding[
> ] the other members, might do so as a practical matter. . . . *[This] reasoning
> applies to an action which charges a breach of trust by an indenture trustee or
> other fiduciary similarly affecting the members of a large class of security
> holders or other beneficiaries, and which requires an accounting or like
> measures to restore the subject of the trust.*

FED. R. CIV. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment) (emphasis added).

A court in this District explained the propriety of certifying claims under ERISA under Rule

23(b)(1)(B):

> [B]ecause Plaintiffs properly bring this action in a representative capacity on
> behalf of the Plan itself, 'adjudications with respect to individual members of the
> class . . . would as a practical matter be dispositive of the interests of other
> members not parties to the adjudications or [would] substantially impair or
> impede their ability to protect their interests.'  *See* Fed. R. Civ. P. 23(b)(1)(B)).

*Aon*, 238 F.R.D. at 617; *see also Rogers*, 2006 WL 794734, at *9.  Because of ERISA's

distinctive "representative capacity" and remedial provisions, this action is particularly suited for

class treatment under Rule 23(b)(1)(B).

### b.     Certification is Also Appropriate Under Subsection 23(b)(1)(A)

It is not uncommon for courts to certify ERISA class actions under both subsections

23(b)(1)(B) and 23(b)(1)(A).  *See, e.g.*, *Aon*, 238 F.R.D. at 617; *Rankin v. Rots*, 220 F.R.D. 511,

522 (E.D. Mich. 2004); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. MDL 1446, 2006 WL 1662596, at *15 (S.D. Tex. June 7, 2006); *see also* Exhibit A to Siebert-Johnson Decl. The representative nature of Plaintiffs' ERISA claims alleging Defendants' plan-wide fiduciary misconduct illustrates the propriety of certification under this subsection. As the court in *Aon*, 238 F.R.D. at 617 recognized, "if the court were not to certify a class [under rule 23(b)(1)(A)] the prosecution of separate actions by various Plaintiffs would create a risk of 'inconsistent or varying adjudications with respect to individual members of the class . . . ." *Id.* Therefore, if necessary, it is clear that the proposed Class could be certified under Rule 23(b)(1)(A).

### 2. The Proposed Class Meets the Requirements of Rule 23(b)(2)

Under Rule 23(b)(2), a class may be certified if, "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." FED. R. CIV. P. 23(b)(2). Courts have recognized that certification is appropriate under Rule 23(b)(2) where declaratory or injunctive relief is an important aspect of the overall relief sought. *See, e.g.*, *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322, 335 (N.D. Ill. 1995). Plaintiffs' Complaint clearly seeks injunctive and declaratory relief. *See, e.g.*, Complaint at 61-62, Prayer for Relief, A. If Plaintiffs prevail in establishing Defendants' liability, Defendants will be obliged to make the *Plan* whole and take whatever equitable actions are ordered by the Court, including the declaratory and equitable relief specifically sought by Plaintiffs. *See* ERISA § 409(a), 29 U.S.C. § 1109(a); ERISA §§ 502(a)(2)-(3), 29 U.S.C. §§ 1132(a)(2)-(3). Recognizing this, courts have certified analogous claims under Rule 23(b)(2), reasoning that "monetary relief in a plan-wide action brought under ERISA section 502 is incidental and flows

from relief to the plan." *Aon*, 238 F.R.D. at 618 (citations omitted).  Therefore, given the above, Plaintiffs' ERISA claims may also be certified as a Class under Rule 23(b)(2).

### E.    Plaintiffs' Chosen Counsel Will Adequately Represent the Class

Rule 23(g) complements Rule 23(a)(4).  Rule 23(g)(1)(A) focuses upon the qualifications of Plaintiffs' Counsel, and instructs the Court to consider, among other things:  (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.  Here, each of these considerations weighs in favor of proposed Class Counsel's adequacy.

To date, proposed Class Counsel have vigorously litigated this action.  For example, they have prepared a detailed Complaint, responded to Defendants' motion to dismiss, and have been actively engaged in discovery, including serving and responding to discovery requests, negotiating a protective order on confidentiality, and conducting a FED. R. CIV. P. 30(b)(6) deposition of the Company regarding the Plan.  Additionally, proposed Class Counsel have engaged in extensive discussions with Defendants and the Court regarding case management, including multiple conference calls with Defendants and appearances before the Court, as well as a face-to-face settlement discussion per the Court's required procedures at the outset of the litigation.[14]

### CONCLUSION

For the reasons stated above Plaintiffs respectfully request that this Court certify this action as a class action under FED R. CIV. P. 23(a) and (b), appoint Plaintiffs as Class

---

[14]    Further, as noted in the firm resumes attached to the Siebert-Johnson Declaration as Exhibits F and G, respectively, proposed Class Counsel and proposed Liaison Class Counsel are eminently qualified to litigate this action on behalf of the Plaintiffs, the Plan, and the proposed Class.

representatives, and appoint their counsel as counsel for the certified Class.

DATED:       August 16, 2011            Respectfully submitted,

                                              **KESSLER TOPAZ**
                                              **MELTZER & CHECK, LLP**

                                              *s/ Edward W. Ciolko*
                                              Edward W. Ciolko
                                              Peter A. Muhic
                                              Mark K. Gyandoh
                                              Julie Siebert-Johnson
                                              280 King of Prussia Road
                                              Radnor, PA 19087
                                              Telephone:  (610) 667-7706
                                              Facsimile:  (610) 667-7056

                                              **THE COLLINS LAW FIRM, P.C.**
                                              Shawn M. Collins
                                              Robert J. Dawidiuk
                                              Megan A. Drefchinski
                                              1770 North Park Street
                                              Suite 200
                                              Naperville, Illinois 60563
                                              Phone:  (630) 527-1595
                                              Facsimile:  (630) 527-1193

                                              *Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

The Undersigned hereby certifies that on this 16th day of August 2011, a true and accurate copy of Plaintiffs' Memorandum in Support of Motion for Class Certification was filed electronically with the Clerk of Court using the CM/ECF system, which will send electronic notification to the following:

W. Scott Porterfield
Sarah B. Waxman
Alison Leff Triggs
Barack Ferrazzano Kirschbaum
   & Nagelberg LLP
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
Telephone:  (312) 984-3100
Facsimile:  (312) 984-3150

*Attorneys for Defendants*


 *s/ Edward W. Ciolko*