IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mary Dalton, et al.,              )  | |
|                                   )  | |
|     Plaintiffs,      )  | |
|                                   )  | No. 11 C 1112 |
| v.                                )  | |
|                                   )  | Senior U.S District Court Judge |
|                                   )  | George W. Lindberg |
| Old Second Bancorp, Inc., et al., )  | |
|                                   )  | |
|     Defendants.      )  | |

**MEMORANDUM OPINION AND ORDER**

    Plaintiffs Mary Dalton and Emil Adolphson filed a second amended complaint against defendants Old Second Bancorp, Inc. (Old Second), Old Second National Bank, Retirement Committee of Old Second National Bancorp, Inc., Retirement Benefits Trustee Committee of Old Second Bankcorp, Inc., J. Douglas Cheatham, James Eccher, William B. Skoglund, Robert Discosola, Jeff West, Stewart Beach and Does 1-10, alleging defendants breached their fiduciary duties to beneficiaries of Old Second Bancorp, Inc.'s employee 401(k) plan (the plan), in violation of 29 USC § 1104(a) and (c) by continuing to offer Old Second stock as a plan investment option when it was imprudent to do so; failing to provide complete and accurate information to plan participants regarding the Company's financial condition and the prudence of investing in company stock; and maintaining the plan's pre-existing significant investment in Old Second stock when it was no longer prudent to remain so invested (Count I).

    In Count II, plaintiffs allege that defendant Stewart Beach (Beach) breached his fiduciary duty of loyalty as manager of the plan regarding the management and investment of the plan's assets by: (1) failing to disclose material facts affecting the interests of the plan, plaintiffs and

class; (2) placing his own interests above those of the plan, plaintiffs and class; (3) failing to disclose all conflicts of interest that could render advice given by him in a fiduciary capacity as suspect; (4) making fiduciary decisions that were not in the best interest of the plan, plaintiffs and class; (5) recommending to Old Second's Administrative Committee to continue investing the plan's assets in Old Second stock and failing to recommend to the Administrative Committee that the plan discontinue investing plan assets in Old Second stock and/or divest plan assets of Old Second stock.

Plaintiffs claim in Count III that defendants breached their fiduciary duties by failing to adequately monitor other persons to whom management and administration of the plan's assets were delegated. Plaintiffs allege defendants knew or should have known that such other fiduciaries were allowing the plan to continue offering Old Second stock as an investment option when it was no longer prudent to do so because Old Second was exposed to substantial losses from a decrease in residential construction and an increase in the company's holding of nonperforming loans.

Defendants have moved to dismiss the second amended complaint. When ruling on a motion to dismiss pursuant to Fed. R. Civ. P 12(b)(6), the court must take as true "the complaint's well-pleaded allegations and draw all reasonable inferences in the plaintiffs' favor." *Lang v. TCF Nat. Bank,* 249 F. App'x 464, 465 (7th Cir. 2007). In order to survive a motion to dismiss, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 670 (2009). "Asking for plausible grounds . . . does not impose a probability requirement at the

pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim alleged]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). As such, a complaint may proceed despite the appearance that recovery is remote and unlikely if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

As to Count I's claim that defendants breached their fiduciary duties by maintaining and continuing to offer Old Second stock as an investment option in the employee savings plan during the class period when it was imprudent to do so, defendants contend they did not violate their disclosure duty under ERISA because they were protected by the presumption of prudence as developed by the Third Circuit in *Moench v. Robertson,* 62 F.3d 553 (3rd Cir. 1995). The Sixth Circuit, however, has recently held that the presumption of prudence is evidentiary in nature and inapplicable at the pleading stage. See *Pfeil v. State Street Bank and Trust Co.*, 671 F.3d 585, 592-93 (6th Cir. 2012). This court agrees with the Sixth Circuit on this issue.

Plaintiffs also allege in Count I that defendants breached their fiduciary duties of loyalty by omitting and misrepresenting material facts in their disclosures to plan participants regarding Old Second stock. Count II alleges that defendant Beach's failure to inform plan beneficiaries about the bank's creation of a new financial entity entitled River Street Advisors (RSA) constituted a breach of loyalty. Plaintiffs contend RSA was created to conduct the bank's trust and wealth management services and was initiated because of "concerns about the viability of the bank."

When changes to an ESOP beneficiaries' retirement benefits become material, the employer has a duty to provide complete and truthful information to plan participants. *Schmidt v. Sheet Metal Workers' Nat. Pension Fund,* 128 F.3d 541, 546 (7th Cir. 1997). A material fact under ERISA is information which is necessary for the participants of a plan to know in order to

keep from acting to their detriment. *Hecker v. Deere & Co.*, 556 F.3d 575, 587 (7th Cir. 2009). There is a difference between "an assertion that a firm exercised final authority over the choice of funds . . . and an assertion that a firm simply 'played a role' in the process." *Id*. at 584.

Plaintiffs argue that the information about RSA would have led to a more "complete and accurate" understanding of the stock as an investment option. The information about Old Second transferring client assets to RSA is information that plan beneficiaries could have used to decide whether it was prudent to keep investing in Old Second. By failing to disclose this information to the plan beneficiaries, defendants prevented plaintiffs from access to all of the information which plan beneficiaries would have needed to know in order to decide whether or not to keep investing in Old Second stock.

In Count II, plaintiffs allege that Beach breached his fiduciary duty of loyalty by failing to disclose to plan participants that "he had lost faith in the future of the bank" and was acting to "further his own interests" by starting another company to compete with Old Second while he was still the manager of the plan. Defendants do not dispute that Beach was involved in conduct to further his own financial interests during the period of time he was the plan's manager. Defendants do contend Beach's failure to act did not occur while performing his fiduciary functions. For a fiduciary to have breached the duty imposed on him by 29 U.S.C. § 1104(a)(1), there must be either an intentionally misleading statement, or a material omission. *Hecker v. Deere & Co.*, 556 F.3d 575, 585 (7th Cir. 2009). Beach was serving on the Retirement Committee at the same time that he was contemplating leaving Old Second and taking its customers and employees. Plaintiffs' claim that Beach breached his fiduciary duty when he failed to disclose to plan beneficiaries both the company's client asset restructuring and that he was leaving Old Second to compete in the same industry, is plausible because the information which

11 C 1112

Beach failed to disclose to plan beneficiaries could have led plan participants to make different decisions concerning investing in Old Second Stock.

Furthermore, ERISA imposes a duty on trustees "to avoid placing themselves in a position where their acts . . . prevent their functioning with the complete loyalty to participants demanded of them as trustees." *Donovan v. Bierwirth*, 680 F.2d 263, 271 (2nd Cir. 1981). It is not unreasonable to conclude that Beach may not have been promoting the interests of the plan's participants when he was involved in a competing business venture with the bank at the same time he was responsible for decisions which "must be made with an eye single to the interests of the participants and beneficiaries." *Id.*

Defendants contend that Count III should be dismissed if Counts I and II are dismissed. However, because Counts I and II are not being dismissed, Count III will not be dismissed.

**ORDERED:** Defendants' motion to dismiss plaintiffs' second amended complaint is denied.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: November 2, 2012