# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY DALTON and EMIL ADOLPHSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OLD SECOND BANCORP, INC., OLD SECOND NATIONAL BANK, EMPLOYEE BENEFITS COMMITTEE OF OLD SECOND BANCORP, INC., J. DOUGLAS CHEATHAM, JAMES ECCHER, WILLIAM B. SKOGLUND, ROBERT DICOSOLA, JEFF WEST, STEWART BEACH and DOES 1-10.<br><br>Defendants. | CASE NO. 1:11-cv-01112<br><br>Judge Milton I. Shadur |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, MODIFYING CLASS CERTIFICATION FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND <u>SCHEDULING OF A FINAL APPROVAL HEARING</u>**

This *Action* involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Old Second Bancorp, Inc. Employees' 401(k) Savings Plan and Trust (the "*Plan*").[1] The terms of the *Settlement* are set out in the Settlement Agreement and Release, fully executed as of February 25, 2013 (the "*Settlement Agreement*"), by counsel on behalf of the *Named Plaintiffs* and *Defendants*, respectively.

Pursuant to the *Named Plaintiffs'* Motion for Preliminary Approval of the Settlement, on March 1, 2013, the *Court* preliminarily considered the *Settlement* to determine, among other things, whether the *Settlement* is sufficient to warrant the issuance of notice to members of the proposed *Settlement Class*. Upon reviewing the *Settlement Agreement* and the matter having come before the *Court* at the March 1, 2013 hearing, due notice having been given and the *Court* having been fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. **Class Certification.** The *Court* has previously certified this *Action* as a class action pursuant to FED. R. CIV. P. 23. On September 20, 2011, the Court issued its order certifying the following Class under FED. R. CIV. P. 23(b)(1):

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between April 25, 2008 and the present (the "Class Period") and whose Plan accounts included investments in Old Second common stock.

(a) In connection with the *Settlement*, *Named Plaintiffs* have requested, and *Defendants* do not oppose, modification of the certified class for settlement purposes only to include anyone who meets the following definition regardless of whether he or she signed a severance agreement and release upon terminating employment with *Old Second*:

---

[1] All italicized terms not otherwise defined in this Order shall have the same meaning as ascribed

1

All *Persons* (excluding *Defendants* and their *Immediate Family Members*) who were participants in or beneficiaries (including alternate payees) of the *Plan* at any time between April 25, 2008 and February 25, 2013 (the "*Class Period*") and whose individual *Plan* accounts included investments in *Old Second Stock* during the *Class Period*.

(b) Accordingly, the *Court*, in conducting the settlement approval process required by FED. R. CIV. P. 23, preliminarily modifies the definition of the certified class, solely for the purpose of settlement, as set forth in section 1(a) above under FED. R. CIV. P. 23(b)(1) (the "*Settlement Class*").

(c) Further, consistent with the *Court's* September 20, 2011 Order, the *Court* hereby appoints *Named Plaintiff* Emil Adolphson as the representative for the *Settlement Class* and *Class Counsel* and *Liaison Class Counsel* as counsel for the *Settlement Class*. Mary Dalton remains a *Named Plaintiff* in the *Action*.

2. **Preliminary Approval of Proposed *Settlement*** – The *Settlement Agreement* is hereby preliminarily approved as being within the range of fairness, reasonableness, and adequacy. This *Court* preliminarily finds that: (a) the proposed *Settlement* resulted from serious, informed, extensive and arms'-length negotiations with the assistance of experienced mediators; (b) the *Settlement Agreement* was executed only after *Class Counsel* and *Liaison Class Counsel* had conducted appropriate investigation and discovery regarding the strengths and weaknesses of *Named Plaintiffs'* claims; (c) *Class Counsel* and *Liaison Class Counsel* represent that they have concluded that the proposed *Settlement* is within the range of fairness, reasonableness, and adequacy; and (d) the proposed *Settlement* is in the best interest of the *Named Plaintiffs* and the *Settlement Class*. The *Court* finds that those whose claims would be settled, compromised, dismissed, or released pursuant to the *Settlement* should be given notice and an opportunity to be heard regarding final approval of the *Settlement* and other matters.

---

to them in the *Settlement Agreement*.

3. **Final Approval Hearing** – A hearing is scheduled for June 14, 2013 at 9:15 a.m. to make a final determination, concerning among other things:

- Whether the *Settlement* merits final approval as fair, reasonable and adequate;

- Whether the *Action* should be dismissed with prejudice pursuant to the terms of the *Settlement*;

- Whether the notice method proposed by the *Parties*: (i) constitutes the best practicable notice; (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the *Class* of the pendency of the litigation, their right to object to the *Settlement*, and their right to appear at the *Final Approval Hearing*; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether *Class Counsel* adequately represented the *Settlement Class* for purposes of entering into and implementing the *Settlement*;

- Whether the proposed *Plan of Allocation* should be approved; and

- Whether any application(s) for attorneys' fees and expenses and *Case Contribution Awards* to the *Named Plaintiffs* is fair and reasonable and should be approved.

4. **Class Notice** – The *Parties* have presented to the *Court* a proposed form of *Class Notice*, attached hereto as Exhibit A and a summary of the Class Notice in the form of a *Publication Notice*, attached hereto as Exhibit B. The *Court* finds that both such forms of notice fairly and adequately: (a) describe the terms and effects of the *Settlement Agreement*, the *Settlement*, and the *Plan of Allocation*; (b) notify the *Settlement Class* that *Class Counsel* and

3

*Liaison Class Counsel* will seek attorneys' fees and reimbursement of expenses from the *Settlement Fund*, payment of the costs of administering the *Settlement* out of the *Settlement Fund*, and for a *Case Contribution Award* of $5,000 for *Named Plaintiff* Mary Dalton and $10,000 for *Named Plaintiff* Emil Adolphson for their services in such capacity; (c) give notice to the *Settlement Class* of the time and place of the *Final Approval Hearing*; and (d) describe how the recipients of the *Class Notice* may object to any of the relief requested. The *Parties* have proposed the following manner of communicating the notice to members of the *Settlement Class*, and the *Court* finds that such proposed manner is the best notice practicable under the circumstances. Accordingly, the *Court* directs that *Class Counsel* shall:

- By no later than April 1, 2013, cause the *Class Notice*, with such non-substantive modifications thereto as may be agreed upon by the *Parties*, to be provided by first-class mail, postage prepaid, to the last known address of each member of the *Settlement Class* who can be identified through reasonable effort.

- By no later than April 1, 2013, cause the *Class Notice* to be published on the website identified in the *Class Notice*, www.OldSecondERISAsettlement.com, which will also host and make available copies of all *Settlement*-related documents, including the *Settlement Agreement*.

- By no later than April 1, 2013, cause the *Publication Notice* to be published in *The Beacon News* one time.

5. **CAFA Notice** – The form of notice and notice procedure proposed by *Defendants* pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("*CAFA Notice*") complies with the requirements of the Act and is hereby approved. *Old Second* shall mail the *CAFA Notice* (attached hereto as Exhibit C) on or before March 8, 2013.

6. **Independent Fiduciary** – *Old Second*, on behalf of itself and the *Plan*, retained Evercore Trust Company ("*Evercore*") to serve as an independent fiduciary of the *Plan* ("*Independent Fiduciary*") to determine whether the *Settlement Agreement* should be authorized for the *Plan* and to make any other determinations called for by the Department of Labor's Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation, PTE 2003-39 ("*PTE 2003-39*"). The *Named Plaintiffs* do not object to the retention of Evercore. This *Court* finds that, as set forth in Evercore's resume (attached hereto as Exhibit D), Evercore is qualified to serve as *Independent Fiduciary* and to make the determinations called for by *PTE 2003-39*.

7. The *Independent Fiduciary* shall make the determinations called for by *PTE 2003-39* on or before May 31, 2013. In the event the *Independent Fiduciary* provides the requisite approval, authorization or finding pursuant to *PTE 2003-39*, the report of the *Independent Fiduciary* shall be filed with the *Court* on or before June 7, 2013.

8. **Petition for Attorney's Fees and Litigation Costs and *Case Contribution Awards*** – Any petition by *Class Counsel* or *Liaison Class Counsel* for attorney's fees, litigation costs and *Case Contribution Awards* to the *Named Plaintiffs*, and all briefs in support thereof, shall be filed no later than May 14, 2013.

9. **Briefs in Support of Final Approval of the *Settlement*** – Briefs and other documents in support of *Final Approval* of the *Settlement* shall be filed no later than May 14, 2013.

10. **Objections to *Settlement*** – Any member of the *Settlement Class* or authorized recipient of the *CAFA Notice* may file an objection to the fairness, reasonableness, or adequacy of the *Settlement*, to any term of the *Settlement Agreement*, to the *Plan of Allocation*, to the

proposed award of attorneys' fees and expenses, the payment of costs of administering the Settlement out of the *Settlement Fund*, or to the request for a *Case Contribution Award* for the *Named Plaintiffs*. An objector must file with the *Court* a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the *Court's* attention or introduce in support of the objection(s). The objector must also mail copies of the objection(s) and any supporting law and/or evidence to *Class Counsel* and *Liaison Class Counsel* and to counsel for the *Defendants*. The addresses for filing objections with the *Court* and serving objections on counsel are as follows:

> *For Filing*:
>
> Clerk of the Court
> United States District Court for the Northern District of Illinois, Eastern Division
> Everett McKinley Dirksen United States Courthouse
> 219 South Dearborn Street
> Chicago, IL 60604
>
> Re: *Dalton, et al. v. Old Second Bancorp, Inc. et al.*,
>   Civil Action No. 1:11-cv-01112 (N.D. Ill.).
>
> *To Class Counsel:*
>
> Edward W. Ciolko
> Peter A. Muhic
> Mark K. Gyandoh
> Julie Siebert-Johnson
> KESSLER TOPAZ MELTZER & CHECK, LLP
> 280 King of Prussia Road
> Radnor, Pennsylvania 19087
> Telephone: (610) 667-7706
> Facsimile: (610) 667-7056
>
> *To Defendants' Counsel*
>
> W. Scott Porterfield
> Roger H. Stetson
> Alison Leff

BARACK FERRAZZANO KIRSCHBAUM
   & NAGELBERG, LLP
200 West Madison Street, Suite 3900
Chicago, IL 60606
Telephone: (312) 984-3100
Facsimile: (312) 984-3150

The objector or his, her, or its counsel (if any) must serve copies of the objection(s) (together with any supporting materials) on counsel listed above and file the objection(s) and supporting materials with the *Court* no later than May 24, 2013. If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also serve a notice of appearance on counsel listed above and file it with the *Court* no later than May 24, 2013. Any member of the *Settlement Class* or other *Person* who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the *Settlement*, and any untimely objection shall be barred. Any responses to objections shall be filed with the *Court* and served on opposing counsel no later than June 7, 2013. There shall be no reply briefs.

11. Any additional briefs the *Parties* may wish to file in support of the *Settlement* shall be filed no later than June 7, 2013.

12. **Appearance at *Final Approval Hearing*** – Any objector who files and serves a timely, written objection in accordance with paragraph 10 above may also appear at the *Final Approval Hearing* either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the *Final Approval Hearing* must serve a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) on *Class Counsel* and *Liaison Class Counsel* and *Defendants'* counsel (at the addresses set out above) and file it with the *Court* by no later than May 24, 2013. Any objector who does not timely file and serve a notice of intention to appear in accordance with

7

this paragraph shall not be permitted to appear at the *Final Approval Hearing*, except for good cause shown.

13. **Notice Expenses** – The expenses of printing, mailing, and publishing of the Class Notice and Publication Notice required herein shall be paid from the *Settlement Fund*.

14. **Service of Objections On Opposing Counsel** – *Defendants'* counsel and *Class Counsel* and *Liaison Class Counsel* shall promptly furnish each other with copies of any and all *Objections* to the *Settlement* that come into their possession.

15. **Termination of *Settlement*** – This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the *Parties*, all of whom shall be restored to their respective positions as of November 21, 2012, the day immediately before the *Parties* reached agreement to settle the *Action*, if the *Settlement* is terminated in accordance with the terms of the *Settlement Agreement*.

16. **Use of Order** – This Order is not admissible as evidence for any purpose against *Defendants* in any pending or future litigation. This Order shall not be construed or used as an admission, concession, or declaration by or against *Defendants* of any finding of fiduciary status, fault, wrongdoing, breach, omission, mistake, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against *Named Plaintiffs* or the *Settlement Class* that their claims lack merit, or that the relief requested in the *Action* is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any *Party* of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by *Defendants* to class certification, in the event that the *Settlement Agreement* is terminated. Moreover, the *Settlement Agreement* and any proceedings taken pursuant to the *Settlement Agreement* are for settlement purposes only.

Neither the fact of, nor any provision contained in, the *Settlement Agreement* or its exhibits, nor any actions taken thereunder, shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any claim or defense that has been, could have been, or in the future might be asserted.

17. **Jurisdiction** – The *Court* hereby retains jurisdiction for purposes of implementing the *Settlement*, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the *Settlement* as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

18. **Continuance of *Final Approval Hearing*** – The *Court* reserves the right to continue the *Final Approval Hearing* without further written notice.

SO ORDERED this 1st day of March, 2013.

_____
Hon. Milton I. Shadur
United States District Judge

9